**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL CASE NO. 1:09cv179**
**[Criminal Case No. 1:06cr251]**

| | |
|---|---|
| **JOHN EDWARD PATTERSON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____) | |

**THIS MATTER** is before the Court *sua sponte*.

On May 11, 2009, the Petitioner filed a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1]. The Petitioner claims that he was erroneously sentenced as a career offender and that his counsel was ineffective for failing to raise the issue on appeal. [Id.]. The Petitioner claims that one of his prior convictions was a North Carolina conviction for indecent liberties with a child which no longer constitutes a violent crime pursuant to the Supreme Court's decision in Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490

(2008).[1]

On October 11, 2011, the United States Court of Appeals for the Fourth Circuit held in <u>United States v. Vann</u>, __ F.3d __, 2011 WL 4793230 (4th Cir. 2011), that the defendant's prior North Carolina convictions for taking indecent liberties with a child did not qualify as violent felonies for purposes of the Armed Career Criminal Act (ACCA) because the charging document in the underlying offense did not specify the subsection of the indecent liberties statute which the defendant violated and only one subsection of the statute described a qualifying predicate crime.[2] <u>Id.</u> The Court of Appeals also noted that the state judgments identified the predicate offenses as Indecent Liberties With Minor Child or Indecent Liberties with Child and referenced the statute in general, not a particular subsection thereof. Because the Court could not determine whether Vann had violated the only qualifying subsection of the statute, it held that his indecent liberties convictions were not ACCA

---

[1]The Supreme Court there held that in order to qualify as a "violent felony" pursuant to the Armed Career Criminal Act (ACCA), an offense must be "roughly similar, in kind as well as in degree of risk posed, to the [statutory] examples" of burglary, arson, extortion, and offenses involving the use of explosives and must "typically involve purposeful, violent, and aggressive conduct." <u>Begay</u>, 533 U.S. at 142-144 (internal quotations and citations omitted).

[2]The <u>Vann</u> Court noted that the ACCA's definition of "violent felony" is nearly identical to the definition of a "crime of violence" under the career offender enhancement of the United States Sentencing Guidelines. <u>United States v. Vann</u>, 2011 WL 4793230 **49, n. 2. The same enhancement is at issue in the Petitioner's motion pursuant to §2255.

violent felonies and vacated his sentence.  Id.

In the Petitioner's criminal case, his sentence was enhanced pursuant to the career offender provision of the United States Sentencing Guidelines based, in part, on his conviction for indecent liberties with a minor.[3]  At the time of his conviction and sentencing, this enhancement was consistent with the law in the Fourth Circuit.  United States v. Pierce, 278 F.3d 282 (4th Cir. 2002), abrogated by Vann, supra.  Indeed, in the Government's response, filed October 21, 2009, the Government relied on Pierce which at the time was binding Fourth Circuit precedent.   [Doc. 9].  In light of the decision in Vann, however, the Court will allow the Government to supplement its response to the Petitioner's motion.[4]

**IT IS, THEREFORE, ORDERED** that on or before forty-five (45) days from entry of this Order, the Government may file a supplement to its Response.

Signed: November 30, 2011

Martin Reidinger
United States District Judge

_____

[3] The presentence report has not been filed in the record of the case so the Court is unable to make an adequate comparison of the Petitioner's predicate conviction with that at issue in Vann.

[4] The Government filed a motion for summary judgment which was based entirely on the legal arguments raised in its response. [Doc. 10; Doc. 9].