THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:09-cv-00179-MR
[Criminal Case No. 1:06-cr-00251-MR-5]

JOHN EDWARD PATTERSON,   )
                         )
            Petitioner,  )
                         )
vs.                      )      **O R D E R**
                         )
                         )
UNITED STATES OF AMERICA,)
                         )
            Respondent.  )
_____  )

**THIS MATTER** is before the Court on the Petitioner's "Motion Pursuant to Federal Rules of Civil Procedure 60(b), to Reopen a Previous Proceeding under § 2255" [Doc. 32].

The Petitioner moves pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to reopen this proceeding and vacate the Court's September 26, 2012 Order denying him § 2255 relief. [Doc. 32]. For grounds, the Petitioner cites the April 8, 2014 decision of the Fourth Circuit Court of Appeals in Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014), in which the Fourth Circuit vacated an Order of this Court which had denied a motion to vacate a petitioner's sentence based on an allegedly erroneous

application of the career offender enhancement. The Petitioner contends that the reasoning employed by the Fourth Circuit in that decision warrants reconsideration of the Order denying his motion to vacate.

The Petitioner seeks relief pursuant to a subsequent change in substantive law. Accordingly, the Court will treat his Rule 60(b) motion as a motion brought pursuant to Section 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) ("Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly."); United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application.").

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255, provides that a "prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The AEDPA, however, provides a specific limitation on a prisoner's ability to bring a second, or successive motion under § 2255. Specifically, the AEDPA provides, in pertinent part, as follows:

> A second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Petitioner has not provided any evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion. Therefore, this Court is without jurisdiction to consider the merits of the present Section 2255 motion and it will be dismissed.[1]

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to

---

[1] Since the filing of the Petitioner's present motion, the Fourth Circuit granted a petition for rehearing of Whiteside, and on December 19, 2014, issued an *en banc* decision affirming this Court's original decision. See Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014). The Whiteside *en banc* decision therefore provides no basis for the reconsideration of the Court's prior Order denying the Petitioner's motion to vacate.

satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion Pursuant to Federal Rules of Civil Procedure 60(b), to Reopen a Previous Proceeding under § 2255" [Doc. 32] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 11, 2015

*[signature]*

Martin Reidinger
United States District Judge